IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RYAN MCCOY, on behalf of himself
and all others similarly situated,

        Plaintiff,

vs.

Richard L. Johnson d/b/a Johnson Law
And
Tisha M. Deming,

        Defendants.

Case No.:

**COMPLAINT
and
JURY DEMAND**

**(Class Action)**

## I.   INTRODUCTION

1. This is a consumer credit class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA") Neb.Rev.Stat. § 59-1601 *et seq.* Plaintiff Ryan McCoy, on behalf of himself and all persons similarly situated, seeks a declaratory judgment, injunctive relief, actual and statutory damages against the defendant debt collector Richard L. Johnson d/b/a Johnson Law and Tisha M. Deming, collection paralegal. Plaintiffs' claims arise from Defendants' routine practice of sending initial collection letters in the form of Exhibit A with an enclosed captioned and signed unfiled collection complaint. The letter contains language: (1) threatening a lawsuit "which will likely produce a judgment followed up with Writs of executions and garnishments…." and that (2) "filing fees, costs,

1

attorney fees and other expenses must be paid by you." Defendants' collection letter and collection complaint (Exhibit "A") violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(3), § 1692e(5), § 1692e(9), § 1692e(10), § 1692e(11), § 1692e(13) and § 1692g(a). Plaintiff also alleges that the challenged practices violate the NCPA.

## II.    JURISDICTION

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. § 1367.

3. In personal jurisdiction exists and venue is proper as Defendants regularly do business in this district. Plaintiff is a resident of this district and the alleged violations occurred here. See 28 U.S.C. § 1391.

## III.    PARTIES

4. Plaintiff Ryan McCoy (hereinafter "Mr. McCoy") is an adult individual residing in Weeping Water, Cass County, Nebraska. At all times material hereto, Mr. McCoy and each member of the class he seeks to represent are "consumers" as that term is contemplated in § 1692a of the Act.

5. Defendant Richard L. Johnson is a Nebraska lawyer doing business as Johnson Law and is himself engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska. Mr. Johnson is a "debt

collector" as that term is contemplated in § 1692a(6) of the Act and has personal involvement in the actions challenged in this lawsuit.

6. Defendant Tisha M. Deming is employed as "Collections/Paralegal For Richard L. Johnson, Attorney at Law" and is herself engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska. Ms. Deming is a "debt collector" as that term is contemplated in § 1692a(6) of the Act and has personal involvement in the actions challenged in this lawsuit, specifically, she signed <u>Exhibit A</u> at issue here. Ms. Deming is not a lawyer and is not licensed to practice law in Nebraska.

7. Defendants are all entities or individuals who contributed to, or participated in, or authorized, and/or implemented the policies and procedures regarding the acts complained of or conspired with the other named Defendants to commit the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

8. At all times relevant hereto, each of the Defendants were, and are now, the agent, servant, employee and /or other representative of the other Defendant and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permissions, knowledge, consent and ratification of the other Defendant.

## IV. FACTUAL ALLEGATIONS

9. In December, 2018, Defendants mailed their standard collection letter dated December 13, 2018, which enclosed a captioned signed unfiled county court collection complaint to Plaintiff Ryan McCoy in an attempt to collect a medical debt allegedly owed to Midwest Minor Medical, P.C.. A true and correct copy of said collection letter and collection complaint are attached hereto as <u>Exhibit A</u> and incorporated herein by this reference.

10. <u>Exhibit A</u> was the initial communication from Defendants to Mr. McCoy regarding this matter.

11. Mr. McCoy's alleged Debt was incurred primarily for personal, family, or household purposes – a medical bill. (Hereinafter "the Debt")

12. Defendants' <u>Exhibit A</u> demands payment of the alleged Debt within "the next 15 days" on threat of filing the enclosed collection complaint.

13. This language of the letter and the collection complaint threatens and confuses an unsophisticated consumer as to the legal status of the debt and the fees actually owed.

14. Mr. McCoy was misled, confused, and threatened by <u>Exhibit A</u>.

15. Defendants' <u>Exhibits A</u> also states:

> Attached to this correspondence is a legal Complaint that, if filed, will begin a litigation process **that will likely produce a judgment against you** which will be followed up with Writs

>> of Execution and Garnishments against your wages and property.

(Emphasis Added)

The Letter goes on to read:

>> It is important for you to note **that the amount of the lawsuit, contained in that complaint, is much is much greater than the above listed amount you owe because there are filing fees, service costs for process, attorney fees, and other expenses related to the lawsuit that must be paid by you.**

(Emphasis Added)

The Letter closes with:

>> You can avoid the expense and inconvenience of these actions by either paying the unpaid balance in full or enter into an acceptable payment arrangement with us in the next 15 days.

The signature block reads:

>> Sincerely,
>>
>> s/ *Tisha M. Deming*
>> Tisha M. Deming
>> Collections/Paralegal
>> For Richard L. Johnson, Attorney at Law

The Letter bears a photocopy facsimile of Defendant Deming's signature and is on Johnson Law Firm letterhead.

16. The letter, <u>Exhibits A</u> included a signed county court collection complaint with a caption from the County Court of Douglas County, Nebraska -

reading: "*Midwest Minor Medical, P.C., Plaintiff, v. Ryan McCoy, Defendant.*" No lawsuit was filed against Mr. McCoy in December of 2018.

17. Defendants did not sue Mr. McCoy within 15 days as the letter threatens.

18. Defendants' form letter and Complaint confuses and misleads an unsophisticated consumer because the consumer is unable to determine whether a lawsuit has been filed against them.

19. The Defendants' December 13, 2018 letters also states: "the amount of the lawsuit, contained in the complaint, is much greater than the above listed amount you owe because there are filing fees, service costs for process, attorney fees, and other expenses related to the lawsuit that must be paid by you." This language is misleading (a) because filing fees, service costs for process, attorney fees, and other expense are not assessed upon filing of the complaint and (b) because attorney fees and interest can only be awarded after a judgment and only for certain types of accounts.

20. The letter also states: "Attached to this correspondence is a legal Complaint that, if filed, will begin a litigation process **that will likely produce a judgment against you." (Emphasis added).**This language misleads the unsophisticated consumer as to the legal process and their rights to dispute the debt and file and answer.

21. <u>Exhibit A</u> did not state that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose or that it was from a debt collector.

22. Defendants' <u>Exhibit A</u> was signed by Defendant Tisha M. Denning.

23. Ms. Denning is not a licensed Nebraska lawyer.

24. Both Defendants directed the preparation and sending of <u>Exhibit A.</u>

25. Defendant Richard L. Johnson is owner and operator of Defendant Johnson Law Office and created, directed, and supervised the preparation and use of <u>Exhibit A.</u>

26. Mr. McCoy was confused by <u>Exhibit A</u> because he believed the letter and complaint were from by an attorney, that he was sued or going to be sued, and that the mere filing of the complaint would increase the amount of the alleged debt.

## V. <u>DEFENDANTS' ROUTINE PRACTICES</u>

27. It is and was Defendants' routine practice to send collection letters in the form of <u>Exhibit A</u> to Nebraska residents.

28. It is Defendants' policy and practice to demand payment of the alleged Debt "within the next 15 days" on threat of filing of legal action.

29. It is the Defendants' routine policy to send Nebraska residents a signed county Court complaint which contains a caption of a Nebraska lawsuit

which had not been filed.

30.     It is Defendants' routine practice to send Nebraska residents letters in the form of Exhibit A stating that the mere filing of the complaint would increase the amount of the alleged debt.

31.      It is and was Defendants' routine practice to send collection letters in the form of Exhibit A that failed to state that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, or that the letter was from a debt collector.

32.     It is Defendants' routine practice to send Nebraska residents letters in the form of Exhibit A, signed by non-lawyer Defendant Ms. Deming, which threaten legal action, giving the consumer the false implication that the communication is from an attorney.

## VI.   CLASS ALLEGATIONS

**FDCPA CLASS**

33.     This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent, a letter in the form of Exhibit A  which enclosed a captioned signed unfiled county court collection complaint (iii) in an attempt to collect an alleged obligation (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for

personal, family, or household purposes (v) during the one year period prior to the date of filing this action.

**NCPA CLASS**

34.     This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent, a letter in the form of Exhibit A which enclosed a captioned signed unfiled county court collection complaint (iii) in an attempt to collect an alleged obligation (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the four years period prior to the date of filing this action.

35.     On information and belief based on Defendants' use of letters in the form of Exhibit A the class is so numerous that joinder of all members is impractical.

36.     There are questions of law and fact common to the class which predominate over any issues involving only individual class members. The principal questions are whether Defendants' letters in the form of Exhibit A violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(3), § 1692e(5),  § 1692e(9)§ 1692e(10), § 1692e(11), § 1692e(13)and § 1692g(a) and the NCPA.

37.     Plaintiff's claims are typical of the class members. All are based on

the same facts and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the class members.

39. Plaintiff has retained counsel experienced in handling class actions and debt collection abuse cases.

40. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

41. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

> (a) The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and
>
> (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate pursuant to the NCPA.

43. Plaintiff requests the Court to certify a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable

relief.

## VII. <u>COUNT I -- FAIR DEBT COLLECTION PRACTICES ACT</u>

44. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

45. Defendants' letters in the form of <u>Exhibit A</u> violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e (3), § 1692e(5), § 1692e(9)§ 1692e(10), § 1692e(11), § 1692e(13) and § 1692g(a).

**WHEREFORE**, Plaintiff requests that this Court certify the class and enter judgment for Plaintiff and the class members against the Defendants:

(a) Certify this matter to proceed as a class action;

(b) Awarding damages to the Plaintiff and the class as provided by 15 U.S.C. § 1692k(a)(2);

(c) Awarding Plaintiff and the class their costs and reasonable attorneys' fees;

(d) Declaring the challenged practices herein to be unlawful under the Act; and

(e) Granting such other and further relief as may be deemed just and proper.

## <u>VIII. COUNT II – NEBRASKA CONSUMER PROTECTION ACT</u>

46. Plaintiff incorporates by reference the allegations contained above as

if the same were here set forth at length.

47. Each Defendant is a "person" engaged in "Trade or Commerce" as those terms are contemplated in the NCPA, Neb.Rev.Stat. § 59-1601.

48. Defendants' acts of misrepresenting whether a lawsuit has been filed, and how much would actually be owed in additional fees and costs if filed, as well as all other allegations above, constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602.

49. Defendants' acts of sending a signed collection complaint prior to a lawsuit and sending a letter on law firm letterhead signed by a non-lawyer, constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602.

50. These violations cause financial injury to the Plaintiff and the Class thus bringing this claim is in the public interest.

WHEREFORE, Plaintiff requests that judgment be entered for himself and the class against Defendants for:

    A. Certify this matter to proceed as a class action;

    B, Damages, pursuant to Neb.Rev.Stat. §59-1609;

  C. Injunctive relief pursuant to the NCPA;

  D. Declaratory relief that Defendants' practices violate the NCPA;

  E. Costs and reasonable attorneys' fees pursuant to Neb.Rev.Stat. §59-1609;

  F. Such other and further relief as the Court deems just and equitable.

## IX. JURY DEMAND

Plaintiff demands a trial by jury of all claims so triable in Omaha, NE.

Dated: February 2, 2019

        Ryan McCoy, on behalf of himself all
        others similarly situated, Plaintiff,


      By: */s/ Pamela A. Car*
        Pamela A. Car #18770
        William L. Reinbrecht #20138
        Car & Reinbrecht, P.C., LLO
        2120 South 72nd St., Suite 1125
        Omaha, NE 68124
        1 (402) 391-8484
        Fax: 1 (402) 391-1103
        E-mail: pacar@cox.net

      and

O. Randolph Bragg
Horwitz, Horwitz& Associates
25 East Washington Street, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (facsimile)
rand@horwitzlaw.com

ATTORNEYS FOR PLAINTIFF
AND THE PUTATIVE CLASS