IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYAN MCCOY, on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD L. JOHNSON, and TISHA M. DEMING,<br><br>Defendants. | 8:19CV57<br><br><br>ORDER |

This matter is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint (Filing No. 32). The motion will be granted.

## BACKGROUND

On February 2, 2019, Plaintiff filed this putative class-action asserting claims under the Fair Debt Collection Practices Act ("FDCPA") and Nebraska Consumer Protection Act ("NCPA") against attorney Richard Johnson ("Johnson"), doing business as "Johnson Law," and his paralegal, Tisha Deming ("Deming"). In this suit, Plaintiff alleges that Johnson and Deming sent collection letters with captioned, signed, and unfiled collection complaints in violation of the FDCPA and NCPA. Plaintiff maintains that a collection letter on Johnson Law letterhead and a collection complaint were sent to Plaintiff to collect a medical debt Plaintiff allegedly owed to Midwest Minor Medical, P.C. ("Midwest").

Defendants filed a Motion for Partial Judgment on the Pleadings (Filing No. 19) on May 29, 2019. That motion is pending before the Court.

## DISCUSSION

Plaintiff seeks leave to file a Second Amended Complaint to add Midwest and Corporate Billing Solutions ("CBS") as defendants. CBS, of which Johnson is the only member, performs payroll, human resources, and payable/receivable services for Midwest, the underlying creditor. Through amendment, Plaintiff also wants to add a claim under 15 U.S.C. §1692j of the FDCPA. The proposed Second Amended Complaint alleges that Johnson provided collection letters to Midwest so that Midwest could collect its own accounts. (Filing No. 32-1.) The proposed Second Amended Complaint further alleges that CBS serves as the conduit for receiving payments from consumers on accounts held by Midwest, including accounts collected by Johnson Law and Johnson. (Filing No. 32-1.)

Federal Rule of Civil Procedure 15 provides that courts should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Defendants argue that amendment is futile because the proposed Second Amended Complaint does not state plausible claims against Midwest and CBS and that Plaintiff's claim under 15 U.S.C. §1692j is invalid. Section 1692j provides:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C. §1692j. This practice, referred to as "flat-rating," occurs when an individual "masquerades as a debt collector by writing and mailing dunning letters to the debtors to intimidate them into paying the creditor." *Wells v. McDonough*, No. 97 C 3288, 1999 WL 966431, at *5 (N.D. Ill. Sept. 29, 1999).

Plaintiff asserts that facts learned during discovery support a flat-rating scheme between Midwest and Johnson Law, with Johnson Law using CBS as a flow-through intermediary for payments received. Plaintiff contends the following facts support amendment: (1) Johnson Law represents few clients other than Midwest; (2) Midwest's owner/operator had knowledge of the letters at issue; (3) Johnson is the only member of CBS; (4) CBS pays Deming's wages; (5) CBS provides payroll and human resources work for Midwest; (6) Johnson and CBS operate from the same office space occupied by Midwest; (7) when patients do not pay after receiving Johnson Law's letter, Midwest sends the accounts to another entity for collection; (8) Johnson Law only filed eleven collection lawsuits for Midwest in 2014 and there is no record of Johnson Law filing a collection lawsuit for Midwest after 2014; (9) Defendants sent 512 Nebraska residents the letter and complaint at issue in the year before this lawsuit was filed; (10) over the last four years, Defendants sent 1,381 such letters and complaints to Nebraskans; and (11) Johnson Law and Midwest do not file collection actions after sending the letters and complaints.

Defendants contend there is nothing in the Second Amended Complaint that plausibly supports a flat-rating scheme. Defendants argue that Plaintiff's claim that Midwest is really collecting on its own debt using forms provided by Johnson Law does not have a factual basis and is only a conclusory allegation of wrongdoing. Defendants contend that the letters at issue do not suggest any involvement by Midwest or CBS. Defendants further maintain that Midwest, as the underlying creditor, cannot be held liable as a flat-rater under §1692j. Defendants assert that only individuals who furnish forms to be used by creditors can be held liable under §1692j. According to Defendants, Midwest is, at best, the alleged beneficiary of the letters, and CBS did not have any involvement or contact with Plaintiff whatsoever.

Having reviewed the matter, it is not readily apparent that amendment would be futile or that the proposed Second Amended Complaint asserts clearly frivolous claims. *See Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir. 1999) ("Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous"); *Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994) (stating that a motion to amend should only be dismissed on the merits if it asserts clearly frivolous claims or defenses). Some courts have concluded that creditors can violate the FDCPA by engaging in flat-rating schemes. *See Hartley v. Suburban Radiologic Consultants*, 295 F.R.D. 357 (D. Minn. 2013);

3

*Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002). Also, it appears that Plaintiff is alleging that Johnson Law and CBS are essentially the same entity for purposes of liability. Plaintiff has alleged facts to plausibly support a flat-rating scheme for purposes of amending his complaint. The undersigned makes no determination on the merits of Plaintiff's claims.[1]

Defendants will not be prejudiced through amendment. Plaintiff filed his motion to amend by the deadline established in the progression order. (Filing No. 18.) Moreover, this case is less than a year old and is in its relatively early stages. Discovery is ongoing.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Filing No. 32) is granted. Plaintiff shall file his Second Amended Complaint by January 3, 2020. Plaintiff shall file his Motion for Class Certification by March 1, 2020. Within 14-days after the Court rules on the Motion for Class Certification, the parties shall meet and confer and submit a joint proposed progression order to the undersigned regarding the remaining case progression deadlines.

Dated this 2nd day of January, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] Defendants also maintain that leave to amend should be denied because the amendment is sought in bad faith. Defendants argue that the amendment is only being requested because Plaintiff learned that the existing Defendants' net worth may preclude class certification. The Court finds this argument unpersuasive. There is nothing to indicate that Plaintiff's request to amend is brought in bad faith. It appears that additional facts were learned during discovery and this information impacted Plaintiff's litigation strategy. The motion to amend was brought in a timely manner and well before the expiration of the discovery period.